Filed 9/3/24  P. v. Gonzales CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082963 |
| v. | (Super.Ct.No. BLF002520) |
| GABRIEL MENDOZA GONZALES, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Dismissed.

Patrick Dudley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 2004, defendant and appellant Gabriel Mendoza Gonzales was tried as an adult for the murder of Jerome Al Everage, Jr.  (Pen. Code, § 187, subd. (a); see Welf. & Inst.

1

Code, § 707, subd. (d).) Defendant was 15 years old at the time of the offense; multiple firearm allegations included that he personally discharged a firearm causing the victim's death. (Pen. Code, §§ 12022.5, subd. (a), 12022.53, subd. (d); all further undesignated statutory references are to the Penal Code.)

On June 17, 2004, the jury convicted defendant of second degree murder and found the personal use allegations true. The trial court sentenced defendant to an aggregate term of 40 years to life. On defendant's ensuing appeal and habeas challenge, this court ordered the lesser sentencing enhancement (§ 12022.5) stricken rather than stayed, but otherwise affirmed defendant's conviction and 40-year term. (*People v. Gonzales* (July 29, 2005, E036344) [nonpub. opn.].)

In December 2023, defendant filed a form petition for resentencing under section 1172.6. The trial court appointed counsel for defendant and held the initial prima facie hearing. (§ 1172.6, subds. (b)(3) & (c).) The prosecutor noted at the hearing that the record reflected, including the jury instructions in the court file: "[N]o instructions regarding any theory of aiding and abetting. The defendant acted alone. No conspiracy, no natural and probable consequences, no felony murder." The prosecutor also noted defendant "testified . . . that it was self-defense." Defense counsel "confirmed everything [the prosecutor] just said," and the trial court denied defendant's petition.

Defendant appealed, this court appointed counsel, and counsel subsequently filed a no-issue brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Counsel set forth a statement of the case, a statement of facts, and identified two potential issues

2

among others he concluded lacked arguable merit, in the event we were to undertake an independent review. First, counsel suggested we might explore: Was the trial court's ruling contrary to *People v. Lewis* (2021) 11 Cal.5th 952, including to the extent it may have been based on "recollection" or a bare statement "summariz[ing] the jury verdict"? And secondly, if it could be said there was any error, was it prejudicial?

We gave defendant the opportunity to file a personal supplemental brief. He declined, despite notice that failure to do so could result in dismissal. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232 [absent briefing, appellate court "may dismiss the appeal as abandoned"].) We see nothing here to warrant independent review for arguable postconviction error or further expenditure of judicial or party resources.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

MILLER
J.

MENETREZ
J.